UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID CARLSON, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 3:23-cv-5722<br><br>**DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S NOTICE OF REMOVAL OF ACTION (CLASS ACTION FAIRNESS ACT)** |

TO: Clerk of the Court

AND TO: Plaintiff and their counsel of Record:

PLEASE TAKE NOTICE that Defendant Swift Transportation Co. of Arizona, LLC ("Defendant") hereby removes the above-referenced action from the Superior Court of Washington for Peirce County, Case No. 23-2-06326-6 to the United States District Court for the Western District of Washington. Removal is based on the Class Action Fairness Act ("CAFA"). This Court has original subject matter jurisdiction over Plaintiffs' lawsuit under 28 U.S.C. sections 1332(d), 1441, 1453 and 1446, because it is a proposed class action, minimal diversity exists, and the amount in controversy exceeds $5,000,000. Accordingly, removal is proper based on the following grounds:

## I. STATEMENT OF JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

The Class Action Fairness Act ("CAFA") was enacted on February 18, 2005. In relevant part, CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

This Court has jurisdiction over this case under the Class Action Fairness Act, 28 U.S.C. section 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) the defendant is not a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000 and; (4) there is diversity of citizenship between at least one class member and one defendant. As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA.

As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. CLAIMS AND PROCEDURAL HISTORY

On or about April 21, 2023 individually and on behalf of all other purportedly similarly situated employees Plaintiff David Carlson ("Plaintiff") commenced this action against Defendant by filing a Class Action Complaint in the Superior Court of Washington for Peirce County, entitled *David Carlson v. Swift Transportation Co. Of Arizona, LLC*, Case No. 23-2-06326-6 (the "Complaint").

True and correct copies of all filings in the State Court in this action are attached hereto as **Exhibits A-J.** These include the Civil Cover Sheet (Exhibit A), Order Assigning Case to Judicial Department and Setting Review Hearing Date (Exhibit B), Summons (Exhibit C), Class Action Complaint (Exhibit D), Demand for Jury Trial (Exhibit E); Affidavit of Process Server

(Exhibit F); Motion of Limited Admission (Exhibit G), two Notices that Submission is Incomplete or Defective (Exhibits H-I), and Defendant's Notice of Appearance (Exhibit J).

Plaintiffs' putative class claims arise from allegations that Defendant "fail[ed] to fully compensate its employee truck drivers according to Washington Law," specifically Defendant "failed to compensate them for overtime." Compl. ¶ 1. The Complaint seeks relief in the form of unpaid overtime wages, exemplary double damages, prejudgment interest, and attorneys fee's pursuant to Revised Washington Code of Washington § 49.50.050. Compl. ¶¶ 22-23, Prayer for Relief.

A copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Superior Court of Washington for the County of Peirce. **Exhibits A-J** contain all "process, pleadings, and orders" served on Defendant in accordance with 28 U.S.C. § 1446(a).

## III. JURISDICTION PURSUANT TO THE CLASS ACTIN FAIRNESS ACT IS SATISFIED

Under CAFA, a removing defendant need not submit <u>any evidence</u> of the facts establishing jurisdiction in its notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 571 U.S. 81, 84 (2014) (A notice of removal "need not contain evidentiary submissions."). Rather, "[a] defendant's notice of removal need include only a plausible allegation" that the jurisdictional facts exist. *Id*. at 89. Evidence is required "***only*** when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. (emphasis added); *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (***courts may not remand*** where notice of removal plausibly alleges the basis for removal, ***without giving the defendant an opportunity to prove the jurisdictional requirements*** are satisfied).

The United States Supreme Court in *Dart Cherokee* held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Dart Cherokee*, 574 U.S. at 88. Following *Dart Cherokee*, the Ninth Circuit has

directed the district courts to "interpret CAFA's provisions under section 1332 ***broadly in favor of removal***…" *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015)(emphasis added); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively."). In *Bridewell-Sledge v. Blue Cross*, 798 F.3d 923 (9th Cir. 2015), the Ninth Circuit held that under *Dart Cherokee*, the district court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction.'"

**A.   This Case Is A Covered Class Action With A Putative Class Of At Least 100 Members, And Defendant Is Not A State, State Official, Or Government Entity**

This action meets CAFA's definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1435(a) & (b). This action has been styled as a Washington class action and Plaintiff purports to bring this case, pursuant to Washington Civil Rule 23, on behalf of "[a]ll current or former Washington residents who worked for Defendant as drivers at any time beginning three (3) years prior to the filing of the Complaint through the date notice is mailed to the Class." Compl., ¶ 12.

28 U.S.C. § 1332(d)(5) excludes from CAFA jurisdiction cases in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; or…the number of members of all proposed plaintiff classes in the aggregate is less than 100."

Defendant is neither a state, a state official, nor a government entity. The Complaint alleges that the class is "so numerous" and the "precise number of Class Members…are known to Plaintiff or will be known to Plaintiff through discovery." Compl., ¶ 15. On the basis of its own investigation, Defendant determined there are more than 100 current and former Washington resident drivers employed by Defendant since April 21, 2023 (i.e. Plaintiff's alleged start of the statute of limitations). Therefore, Plaintiff's proposed class consists of at least 100 members both now at the time of removal and at the institution of this civil action

DEFENDANT SWIFT TRANSPORTATION
CO. OF ARIZONA, LLC'S NOTICE OF
REMOVAL - 4

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

**B.     Minimum Diversity of Citizenship Exists Here**

CAFA requires minimum diversity of citizenship, pursuant to 28 U.S.C. section 1332(d)(2):

"The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant."

Although no *evidence* of domicile is required at the notice of removal stage (*cf. Dart Cherokee*, 574 U.S. at 84), "[p]roof of residence in a state is usually thought *prima facie* evidence of domicile." *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary…"); *Barbosa v. Transp. Drivers, Inc.*, 2015 WL 9272828, at *2 (C.D. Cal. 2015) ("a person's residence is *prima facie* evidence of his or her place of domicile for purposes of diversity jurisdiction") (quoting *Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1105 (D. Or. 2012)). Regardless, an allegation of the parties' citizenship is sufficient for removal. *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223 (9th Cir. 2019) (allegation of plaintiff's citizenship is sufficient for removal). Furthermore, "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013).

<u>Plaintiff's Citizenship</u>

The Complaint alleges that Plaintiff "was, at all relevant times…residing in Sumner Washington." Compl., ¶ 2. Plaintiffs' Complaint further alleges that the putative class consists of "all current and former Washington residents who worked for Defendant as drivers." *Id.* at ¶ 12.

Because Plaintiff is a Washington resident and because Plaintiff's proposed class is defined to include "current and Washington residents," Defendant may rely on the foregoing

DEFENDANT SWIFT TRANSPORTATION
CO. OF ARIZONA, LLC'S NOTICE OF
REMOVAL - 5

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

presumptions to establish that Plaintiff, and at least some of the putative class members, are now at the time of removal, and were at the institution of this civil action, domiciled in Washington and therefore citizens of Washington.

Defendant's Citizenship

As a limited liability company, Defendant is deemed to be a citizen of the states in which each of its members is a citizen.[1] *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Defendant is, and was at the institution of this civil action, a limited liability company organized under the laws of Delaware whose sole member is now, and was at the institution of this civil action, Swift Transportation Co., LLC. Swift Transportation Co., LLC is, and was at the institution of this civil action, a limited liability company organized under the laws of Delaware whose sole member is, and was at the institution of this civil action, Knight-Swift Transportation Holdings, Inc. ("Knight-Swift"). Knight-Swift is now, and was at the institution of this civil action, a corporation incorporated under the laws of Delaware.

As a corporation, Knight-Swift is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

In *Hertz Corp. v. Friend*, 559 U.S. 77, 92-3 (2010), the Supreme Court clarified the definition of a corporation's "principal place of business" and concluded that that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." The Supreme Court further clarified that, "in practice" the principal place of business "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id*. at 93.

---

[1] Pursuant to 28 U.S.C. Section 1441(a), the citizenship of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332. *Fristoe v. Reynolds Metals Co*., 615 F.2d 1209, 1213 (9th Cir. 1980).

DEFENDANT SWIFT TRANSPORTATION
CO. OF ARIZONA, LLC'S NOTICE OF
REMOVAL - 6

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

1        Under the foregoing standard, Knight-Swift, and therefore Swift Transportation Co., LLC and Defendant, is a citizen of Arizona and Delaware for purposes of removal. Knight-Swift is incorporated in the State of Delaware and maintains its corporate headquarters in Phoenix, Arizona. Phoenix, Arizona is where the vast majority of Knight-Swift's corporate and executive officers are employed. Phoenix, Arizona is also where the actual center of direction, control and coordination for Knight-Swift takes place. Accordingly, Knight-Swift's principal place of business is, and was at the institution of this civil action, in the State of Arizona. *See* 28 U.S.C. § 1332(c)(1).

       To the extent that Defendant is deemed to be a "an unincorporated association" under 28 U.S.C. § 1332(d)(10), it remains a citizen of Delaware and Arizona at all relevant times. 28 U.S.C. § 1332(d)(10) provides that for purposes of CAFA, an "unincorporated association" shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized. Defendant is organized under the laws of Delaware and has its principal place of business in Arizona. Defendant maintains its headquarters in Phoenix, Arizona, Phoenix, Arizona is where the vast majority of the Defendant's executive officers are employed. Phoenix, Arizona is also where the actual center of direction, control and coordination of Defendant's business takes place.

       In accordance with the foregoing, Defendant is now at the time of removal, and was at the time of the institution of this civil action, a citizen of Delaware and Arizona (and not a citizen of Washington), and Plaintiff and some of the putative class members are now at the time of removal, and were at the institution of this civil action, citizens of Washington (and not citizens of Arizona or Delaware). Thus, the minimum diversity requirement under CAFA is satisfied.

**C.**     **The Amount In Controversy Exceeds $5,000,000.00**

       Without making an admission of liability or damages with respect to any aspects of this case or the proper legal test(s) applicable to Plaintiff's allegations on behalf of themselves and the putative class, the amount in controversy exceeds the jurisdictional minimum of this Court as detailed below.

1       "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014).

      Moreover, a defendant **need not set forth evidence** establishing the amount in its notice of removal. *Id.* A defendant is not obliged to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994). A defendant can establish the amount in controversy by setting forth a plausible allegation in the notice of removal that the amount placed in controversy by plaintiff exceeds the jurisdictional minimum. *See Dart Cherokee*, 574 U.S. at 89 (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and evidentiary submissions are required only if "the plaintiff contests, or the court questions, the defendant's allegations").

      CAFA authorizes the removal of class actions in which, among the other factors mentioned above, the *aggregate* amount in controversy for all class members exceeds five million dollars ($5,000,000.00). *See* 28 U.S.C. § 1332(d). By demonstrating that the actual amount in controversy exceeds the threshold, Defendant does not concede the validity of Plaintiffs' claims or the likelihood that Plaintiffs will recover anything.

      "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) ("In deciding the amount in controversy, the Court looks to what the plaintiff has alleged, not what the defendants will owe…") (aff'd by 631 F.3d 1010 (9th Cir. 2011)).

      In the Ninth Circuit, the amount in controversy is determined "at the time of removal." *Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut.*

DEFENDANT SWIFT TRANSPORTATION
CO. OF ARIZONA, LLC'S NOTICE OF
REMOVAL - 8

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

1  *Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).  In *Chavez v. JPMorgan Chase*, 888 F.3d 413, 417 (9th Cir. 2018), the Ninth Circuit held "[t]hat the amount in controversy is assessed at the time of removal does *not* mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy."  *Chavez*, 888 F.3d at 417 (original emphasis).  *Chavez* held that "the amount in controversy is not limited to damages incurred prior to removal— for example, it is not limited to wages plaintiff-employee would have earned before removal (as opposed to after removal).  Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."  *Id.* at 414-15.  These principles were affirmed again by the Ninth Circuit in *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018).

Plaintiff's pleadings in this action fail to affirmatively disclose the amount in controversy or information from which Defendant could readily ascertain the amount in controversy without independent investigation and analysis.  The Complaint is "indeterminate" as to whether federal jurisdiction under 28 U.S.C. § 1332(d) existed within the meaning of *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005) and *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121 (9th Cir. 2013).

Defendant provides the following calculations only to demonstrate that the amount in controversy in this case easily exceeds the jurisdictional amount in controversy under CAFA jurisdiction.  Defendant makes no admission of any liability or damages with respect to any aspect of this case, or to the proper legal test to be applied to Plaintiff's claims.  Nor does Defendant waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with respect to any of his claims.

Overtime Pay

Plaintiff allege that Defendant failed to properly compensate the putative class for overtime when they worked over 40 hours per work week. Compl., ¶ 22.  Specifically, Plaintiff asserts Defendant by its actions "including but not limited to, paying on a per mile or per delivery

basis but not paying for overtime, despite Plaintiff and Class Members driving over 40 hours per week, Defendant violated Washington overtime law." *Id*. ¶ 23.

Defendant understands Plaintiff's definition of the putative class to include all drivers employed by Defendant, who are Washington residents at any time since April 21, 2020. Compl., ¶ 12. Defendant independently determined based on its own business records that the putative class as defined by Plaintiff worked at least an aggregate 42,000 workweeks during the period April 21, 2020 through the date this action was filed. At all relevant times, putative class members were generally paid at least $20 per hour of work on average. Given the nature of the trucking business, it is reasonable to assume that Plaintiff alleges at least 6 hours of overtime per week per putative class member. Plaintiff's claims for unpaid overtime wages therefore places at least **$5,040,000** in controversy ($20/hr x 0.5 OT premium rate x 42,000 weeks x 6 OT hours per week x 2 for alleged liquidated damages under RWC § 49.50.050 = $5,040,000). The estimates of putative class member pay and workweeks here are a conservative minimum amount demonstrating that the jurisdictional amount in controversy is satisfied. The actual average pay and number of workweeks worked by the putative class may be higher.

Under *Chavez v. JPMorgan Chase*, 888 F.3d 413 (9th Cir. 2018) and *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018), the amount in controversy includes future alleged damages that are not yet incurred at the time of removal. Conservatively, at least an additional 10,000 workweeks for the putative class are expected to accrue over the next year prior to the conclusion of this action, which places an additional **$1,200,000** in controversy ($20/hr x 0.5 OT premium rate x 10,000 weeks x 6 OT hours per week x 2 for alleged liquidated damages under RWC § 49.50.050 = $1,200,000).

Plaintiff's overtime claims therefore place at least **$6,240,000** in controversy ($5,040,000 + $1,200,000 =$6,240,000).

Amount In Controversy For Attorneys' Fees

Plaintiff also allege an entitlement to attorneys' fees. Compl., Prayer for Relief. Under Ninth Circuit precedent, a plaintiff's claim for attorneys' fees are also included in the amount in

DEFENDANT SWIFT TRANSPORTATION
CO. OF ARIZONA, LLC'S NOTICE OF
REMOVAL - 10

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). In *Fritsch*, the Ninth Circuit held that future attorneys' fees that are claimed, but not accrued at the time of removal, must also be considered in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899 F.3d 785, 794 -796 (9th Cir. 2018).

Courts may use a 25% benchmark of total recovery when estimating the attorneys' fees in controversy. *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013) *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees"). Thus, an additional minimum amount of **$1,560,000** must be included in the amount in controversy ($6,240,000 x 25% = $1,560,000).

The same amount for alleged attorneys' fees is placed in controversy using the "lodestar" method of fee computation. *See Chavez v. Netflix, Inc.*, 162 Cal.App.4th 43, 66 n.11 (2008) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery").

For all of the forgoing reasons, Defendant alleges that the amount placed in controversy by Plaintiff's claims are significantly greater than the jurisdictional minimum of $5,000,000 required by CAFA, both at the time removal and at the institution of this civil action (i.e. **$7,800,000**). The amount in controversy requirement for CAFA is therefore satisfied.

**D.     No CAFA Exceptions Apply**

CAFA contains a number of exceptions to its grant of original jurisdiction, contained in 28 U.S.C. §§ 1332(d)(3)-(4). However, none of these exceptions are applicable here. The party resisting removal has the burden of proving the existence of a CAFA exception. *King v. Great Am. Chicken Corp.*, 903 F.3d 875, 878 (9th Cir. 2018).

The first is a discretionary exception based on the number of putative class members found in the state where the action was filed. *See* 28 U.S.C. § 1332(d)(3). However, the exception only

1  applies where the "primary defendants are citizens of the State in which the action was originally
2  filed." Here, the action was originally filed in Washington and, as noted above, Defendant is not
3  a citizen of Washington. Thus, this exception does not apply.

4  Similarly, 28 U.S.C. § 1332(d)(4) contains two further exceptions to CAFA's grant of
5  jurisdiction, based on the number of putative class members in the state in which the action was
6  filed. However, these exceptions too, only apply where all primary defendants, or at least one
7  defendant, is a "citizen of the State in which the action was originally filed." *See* 28 U.S.C. §§
8  1332(d)(4)(A)(i)(II) and 1332(d)(4)(B). Given that this action was originally filed in Washington,
9  and Defendant is not a Washington citizen, these exceptions also do not apply.

10 **IV.   TIMELESS OF REMOVAL**

11 Under 28 U.S.C. § 1446(b), there are "two thirty-day windows during which a case may
12 be removed–during the first thirty days after the defendant receives the initial pleading or during
13 the first thirty days after the defendant receives a paper 'from which it may first be ascertained
14 that the case is one which is or has become removable' if 'the case stated by the initial pleading
15 is not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

16 When a complaint is "indeterminate," a defendant is under no duty to investigate the facts
17 showing the basis for removal, and the first 28 U.S.C. § 1446(b) thirty-day window does not begin
18 to run. *Id.* at 692-695. "[T]he ground for removal must be revealed affirmatively in the initial
19 pleading in order for the first thirty-day clock under § 1446(b) to begin." *Id.* at 695. This
20 reasoning was more recently confirmed in *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d
21 1121, 1125 (9th Cir. 2013): "even if a defendant could have discovered grounds for removability
22 through investigation, it does not lose the right to remove because it did not conduct such an
23 investigation and then file a notice of removal within thirty days of receiving the indeterminate
24 document."

25 A complaint is "indeterminate" when "it is unclear from the complaint whether the case
26 is removable, *i.e.*, the [jurisdictional facts are] unstated or ambiguous." *Harris*, 425 F.3d at 693.
Here, the Complaint does not affirmatively allege or otherwise state that the amount in

DEFENDANT SWIFT TRANSPORTATION
CO. OF ARIZONA, LLC'S NOTICE OF
REMOVAL - 12

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

controversy exceeds $5,000,000.  Further, it is not discernable from the face of the Complaint that more than $5,000,000 was placed in controversy.

Under *Harris*, the Court must not "inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather…the court [may] rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Harris*, 425 F.3d at 695 (quoting, *Lovern v. GMC,* 121 F.3d 160, 162 (4th Cir. 1997).  Thus, the Complaint is "indeterminate" and its service does not trigger the first 28 U.S.C. § 1446(b) thirty-day window to remove.  *See Roth*, 720 F.3d at 1125 (holding that complaint was "indeterminate" when "[i]t did not reveal on its face that…there was sufficient amount in controversy to support jurisdiction under CAFA."); *see also Calkins v. Google, Inc.*, 2013 U.S. Dist. LEXIS 97829, 2013 WL 3556042 at *2-3 (N.D. Cal. 2013) (holding that service of complaint did not trigger a thirty-day window when amount in controversy was not affirmatively stated, even where defendant could have deduced the amount in controversy from documents in its possession).

As of the date of this filing, the parties have not exchanged any subsequent papers determinative of the jurisdictional amount in controversy in this matter.  Where neither the initial pleading nor "other paper" discloses the grounds for removal, a defendant may remove at any time after it independently learns of the facts supporting removal jurisdiction.  *Roth*, 720 F.3d at 1125.  Defendant, based on its investigation and internal records, has since been able to determine that the amount in controversy based on the allegations in the Complaint, well exceeds the $5,000,000.00 threshold.  Thus, like in *Roth*, the facts alleged in this notice support that removal is both proper and timely..

## V. JOINDER

Defendant is not aware of any other defendant that exists and who has been named in the Complaint or who has been served with a summons and the Complaint.  The only defendants

DEFENDANT SWIFT TRANSPORTATION
CO. OF ARIZONA, LLC'S NOTICE OF
REMOVAL - 13

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

named in the Complaint are Defendant and fictitiously named Doe Defendants, whose presence is disregarded for purposes of removal.

## VI. VENUE

Plaintiff filed this matter in Pierce County, Washington. Venue is proper in this Court pursuant to 28 U.S.C. sections 128(b), and 1391.

## VII. NOTICE TO PLAINTIFF AND STATE COURT

This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of Washington in and for the County of Peirce.

In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendant are attached hereto as **Exhibits A-J**.

WHEREFORE, having provided notice as is required by law, the above-entitled action is removed from the Superior Court for the County of Peirce to the United States District Court for the District of Washington, Western Division.

Dated this 10th day of August, 2023.

        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: *s/ John Ellis*
    Paul S. Cowie, *pro hac vice forthcoming*
    John Ellis, *pro hac vice forthcoming*
    Nina Montazeri, *pro hac vice forthcoming*
    Four Embarcadero Center, 17th Floor
    San Francisco, CA 94111-4109
    Telephone: (415) 434-9100
    Facsimile: (415) 434-3947
    Email: pcowie@sheppardmullin.com
           jellis@sheppardmullin.com
           nmontazeri@sheppardmullin.com

*Attorneys for Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC*

Dated this 10th day of August, 2023.

DLA PIPER LLP (US)

By: *s/ Anthony Todaro*
    Anthony Todaro, WSBA No. 30391
    701 Fifth Avenue, Suite 6900
    Seattle, Washington 98104-7029
    Telephone: (206) 839-4800
    Facsimile: (206) 839-4801
    Email: anthony.todaro@dlapiper.com

*Attorneys for Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC*

## **VERIFICATION**

Pursuant to Western District of Washington Local Rule 101(c), the undersigned counsel for Defendant Swift Transportation Co. of Arizona, LLC, hereby verifies that the pleadings and other documents attached hereto are true and correct copies of the pleadings and documents in the state court proceeding. I declare under penalty of perjury that the foregoing is true and correct.

Executed at Seattle, Washington, this 10th day of August, 2023.

*s/ Anthony Todaro*
Anthony Todaro, WSBA #30391

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2023, I caused a true and correct copy of the foregoing document to be served on the parties listed below in the manner indicated:

| | |
|---|---|
| Joshua Haffner, WSBA #53292<br>HAFFNER LAW PC<br>15260 Ventura Blvd, Suite 1520<br>Sherman Oaks, CA 91403<br>Tel: (213) 514-5681<br>Fax: (213) 514-5682<br>E-mail: jhh@haffnerlawyers.com<br><br>*Attorneys for Plaintiff* | ☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this 10th day of August, 2023

*s/Jacey Bittle*
Jacey Bittle, Legal Practice Specialist