**EXHIBIT D**

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

April 21 2023 11:19 AM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 23-2-06326-6

# SUPERIOR COURT OF WASHINGTON

# COUNTY OF PIERCE

| | |
|---|---|
| DAVID CARLSON, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

CLASS ACTION COMPLAINT

Plaintiff David Carlson ("Plaintiff") is informed and believe, and on that basis allege, as follows:

## NATURE OF THE ACTION

1. This is a class action for wage violations arising out of Defendants Swift Transportation Co. of Arizona LLS's ("Defendant") failure to fully compensate its employee truck drivers according to Washington law. As alleged herein, Defendant employed Plaintiff David Carlson and Class members as truck drivers, but failed to compensate them for overtime. Plaintiff seeks to represent similarly situated drivers for unpaid wages and other labor violations, as alleged herein.

## PARTIES

2. Plaintiff David Carlson was, at all relevant times is, a California-based driver employed by Defendants, and residing in Sumner, Washington.

3. Plaintiff is informed, believes, and thereon alleges that Defendant Swift Transportation Co. of Arizona, LLC is a corporation with its headquarters in in Arizona.

4. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

5. Plaintiff is informed and believes and thereon alleges that all Defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent

authorization and ratification of their co-Defendant; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place in part in the State of California. Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court.

## FACTUAL ALLEGATIONS

7. Defendants provide transportation and trucking services, and employs drivers in Washington to drive for them.

8. Plaintiff has been employed by Defendants for as a Washington-based driver for several years, and is currently so employed. Defendant paid Plaintiff and Class members on a per mile basis for driving time.

9. Plaintiff and Class members regularly worked over 40 hours per week. Defendants failed to pay class members overtime.

10. Defendants' conduct, as alleged herein, has caused Plaintiff and Class members damages including, but not limited to, loss of wages and compensation.

11. Plaintiff is a member of and seeks to be the representative for the Class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendants' unlawful employment practices as alleged herein.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

12. Plaintiff brings this action on behalf of himself, and on behalf of all others similarly situated, and as a member of the Class defined as follows:

> All current or former Washington residents who worked for
> Defendant as drivers at any time beginning three (3) years prior to

CLASS ACTION COMPLAINT

| | the filing of the Complaint through the date notice is mailed to the Class (the "Class period").

13. Plaintiff reserves the right to amend or otherwise alter the sub-class definitions presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants or otherwise.

14. This action has been brought and may be properly maintained as a class action pursuant to Washington and other applicable law, as follows:

15. **Numerosity of the Class:** Members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

16. **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

   a. Whether Defendants failed to pay Plaintiff and Class members for overtime.
   b. Whether Defendants willfully failed to pay compensation to Plaintiff and Class members;
   c. The nature and extent of class-wide injury and the measure of damages for the injury.

17. **Typicality:** Plaintiff's claims are typical of the claims of the members of the subclasses they represent because Plaintiff, as a mortgage consultant for Defendant, was exposed and subjected to the same unlawful business practices as other mortgage salespersons employed by Defendants during the liability period. Plaintiff and the members of the class she represents sustained the same types of damages and losses.

18. **Adequacy:** Plaintiff is an adequate representatives of the Class they seeks to represent because their interests do not conflict with the interests of the members of the subclasses Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of members of each Class will be fairly and adequately protected by Plaintiff and their counsel.

19. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims. The violations of law were committed by Defendant in a uniform manner and class members were exposed to the same unlawful practices. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

20. The Class should also be certified because:

    a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

    b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

5

CLASS ACTION COMPLAINT

c. Defendant has acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

### FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME
### (Against All Defendants)

21. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

22. Revised Code of Washington §49.46.130 provides that no employer shall employ any employee for a workweek longer than 40 hours unless the employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and half times the regular rate at which he is employed.

23. By its action alleged herein, including but not limited to, paying on a per mile or per delivery basis but not paying for overtime, despite Plaintiff and Class members driving over 40 hours per week, Defendants violated Washington overtime law.

24. As a result, Plaintiff and the Class have been deprived of wages and/or compensation, in amounts to be determined at trial.

### PRAYER

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and also on behalf of the general public, pray for judgment against Defendant as follows:

A. An order that this action may proceed and be maintained as a class action;

B. A declaration Defendant is financially responsible for notifying all Class members of its wage and hour violations;

C. Appoint Plaintiff as class representative;

D. Appoint the undersigned as class counsel;

E. Declare the actions complained of violate Washington law;

F. Award Plaintiff and the class all overtime wages owed;

G. Award double damages pursuant to Revised Code of Washington

§49.50.050.

H. For all applicable statutory penalties under Washington law;

I. Prejudgment interest at the maximum legal rate;

J. Reasonable attorneys' fees;

K. Accounting of Defendants' records for the liability period;

L. General, special and consequential damages, to the extent allowed by law;

M. Costs of suit; and

N. Such other relief as the Court may deem just and proper.

DATED: April 20, 2023

HAFFNER LAW PC

By: _____
Joshua H. Haffner, WSBA #53292
15260 Ventura Blvd., Suite 1520
Sherman Oaks, CA 914031
Telephone: (213) 514-5681
Facsimile: (213) 514-5682
Email: jhh@haffnerlawyers.com
Attorneys for Plaintiff