UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID CARLSON, an individual, on behalf of himself and all others similarly situated,

Plaintiff,

v.

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC; and DOES 1 through 10, inclusive,

Defendants.

CASE NO. 3:23-cv-05722-RJB

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND

This matter comes before the Court on the Plaintiff's Motion for Remand to State Court. Dkt. 14. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

Originally filed in state court, in this putative class action, the Plaintiff alleges that the Defendant, Swift Transportation Co. of Arizona, LLC ("Swift"), failed to pay its Washington-resident employee truck drivers for all overtime worked as required under Washington law, RCW 49.46.130. Dkt. 1-5 at 7. The Plaintiff seeks damages, including exemplary double

damages, interest, attorneys' fees, and costs on behalf of himself and others in Washington state who are similarly situated. *Id.* at 7-8.

Swift removed the case. Dkt. 1. The Plaintiff now moves to remand the case to Pierce County, Washington Superior Court asserting that Swift has failed to carry its burden of showing that this case exceeds the $5,000,000 jurisdictional minimum required under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Dkt. 14. For the reasons provided below, the motion (Dkt. 14) should be denied.

## I. BACKGROUND FACTS AND PENDING MOTION

The following background facts are taken from Plaintiff's Complaint and Swift's Notice of Removal.

**Complaint.** Filed on April 21, 2023, the Complaint alleges that Swift employs Washington truck drivers like the Plaintiff and pays them on a "per mile basis for driving time" or "per delivery basis." Dkt. 1-5 at 4 and 7. It contends that the Plaintiff and putative class members regularly worked over 40 hours a week. *Id.* at 4. The Complaint maintains that the Defendant did not pay them overtime. *Id.* The Complaint asserts that Plaintiff brings this action for himself and Swift's Washington resident drivers who were "at any time beginning three (3) years prior to the filing of the Complaint through the date notice is mailed to the class." *Id.* at 4-5.

**Notice of Removal**. In its Notice of Removal, Swift alleges that the amount in controversy is over $5,000,000. Dkt. 1. It states that it "understands Plaintiff's definition of the putative class to include all drivers employed by the Defendant, who are Washington residents at any time since April 21, 2020." *Id.* at 10. Without admitting liability or damages and "based on its own business records," Swift alleges that the putative class worked "at least an aggregate 42,000 workweeks" April 21, 2020 to April 21, 2023 and it paid them at least $20.00 an hour on

average. *Id.* It also asserts that "given the nature of the trucking business, it is reasonable to assume that Plaintiff alleges at least 6 hours of overtime per putative class member." *Id.* Swift contends that the "Plaintiff's claims for unpaid overtime wages therefore places at least $5,040,000 in controversy ($20/hr. x 0.5 OT premium rate x 42,000 weeks x 6 OT hours per week x 2 for alleged liquidated damages under RWC § 49.50.050[1] = $5,040,000)." *Id.* Swift asserts that if it takes a year to resolve this case (the Notice of Removal was filed August 10 2023), an additional 10,000 workweeks will accrue, which places an additional $1,200,000 in controversy for a total of $6,240,000. *Id.* Using a benchmark of 25% of total recovery, Swift estimated Plaintiff's claimed attorneys' fees at $1,560,000 ($6,240,000 x 25%) *Id.* at 11.

**Pending Motion.** The Plaintiff now moves to remand this case, arguing that Swift has not sufficiently shown that there is $5,000,000 in controversy which is required for the Court to have CAFA jurisdiction. Dkt. 14. He contends that removal was improper. *Id.* Swift responded, opposed the motion, and filed two declarations in support of its response. Dkts. 15-17. The Plaintiff filed a reply (Dkt. 18) and the motion is ripe for decision.

## II. DISCUSSION

### A. STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. . ." Pursuant to CAFA, district courts have original jurisdiction over class actions in which the total amount in controversy exceeds $5,000,000, exclusive of interest and costs, the class members number at least 100, and "any member of a class of plaintiffs is a citizen of a State

[1] Swift properly points out that although the Plaintiff's Complaint refers to RCW 49.50.50 (Dkt. 1-5 at 8) regarding the claim for double recovery, it appears that the Plaintiff is making a claim under RCW 49.52.050 and/or RCW 49.52.070. RCW 49.50.50 does not exist.

different from any defendant." 28 U.S.C. § 1332(d). It is only the amount in controversy at issue here.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 89. If, as here, the plaintiff contests the defendant's notice of removal allegations, 28 U.S.C. § 1446(c)(2)(B) provides that "removal . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold of $5,000,000. *Id.* at 87.

"A plaintiff can contest the amount in controversy by making either a 'facial' or 'factual' attack on the defendant's jurisdictional allegations." *Harris v. KM Indus., Inc*., 980 F.3d 694, 699 (9th Cir. 2020)(*citation omitted*). In a "facial" attack, a plaintiff "accepts the truth of the defendant's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction. A factual attack contests the truth of the allegations themselves." *Id.*

The Plaintiff attacks the truth of Swift's allegations in the Notice of Removal that support its assertion that the amount in controversy exceeds $5,000,000. Dkts. 14 and 18. He maintains that Swift did not provide any evidence that the class has worked 42,000 workweeks during the class period or how many people are in the class. *Id.* The Plaintiff argues that Swift improperly assumed a 100% violation rate (that is Swift failed to pay all drivers overtime for all work weeks). *Id.* He contends that Swift provided no basis, reasoning, or evidence, for its estimate

that each driver worked six hours of overtime each week. *Id.* Accordingly, he asserts a factual attack.

When a defendant's assertion of the amount in controversy is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *Dart* at 88. Swift, as the removing defendant, has the burden of proof. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1200 (9th Cir. 2015). "The preponderance standard does not require a district court to perform a detailed mathematical calculation of the amount in controversy before determining whether the defendant has satisfied its burden." *Harris* at 701. "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.*

**B. PROFERRED EVIDENCE**

As stated above, Swift has the burden of proof to establish that the Court has jurisdiction even though the Plaintiff is the party moving to remand the case. In response to the motion to remand, Swift offers the declaration of its Vice President of Payroll Administration, Robin Rohwer (Dkt. 16) and the declaration of John Ellis, one of Swift's attorneys (Dkt. 17). It is not necessary to rely on Mr. Ellis's declaration to decide this motion. Accordingly, only Ms. Rohwer's declaration will be reviewed below.

**Robin Rohwer**. Rohwer states that Swift, as a national motor carrier, requires its drivers to keep logs of their hours of service and Swift retains those service logs. Dkt. 16 at 2. She indicates that during the class period, Washington-resident drivers "have been primarily compensated on a per trip, piecework basis." *Id.* According to Rohwer, most of Swift's drivers are paid for completed trips based on a milage rate multiplied by an estimated number of miles

for each trip found in a Rand McNally guide. *Id.* at 3. Rohwer states that "based on Swift's payroll records," it employed Washington-resident drivers for approximately 42,000 aggregate weeks during the period of April 21, 2020 to the date the Complaint was filed on April 21, 2023. *Id.* She maintains that Swift has no plans to reduce the number of Washington-resident drivers or the amount they work. *Id.* Rohwer indicates that Swift "counts all time logged as 'driving' and 'on-duty (not driving)'" in the drivers' service logs as "hours worked." *Id.* Based on Swift's service log records and her knowledge of the typical hours drivers work, Rohwer maintains that Swift's Washington-resident drivers worked on average at least 46 hours a week during the period of April 21, 2020 to April 21, 2023 and earned at least $20 an hour for all hours. *Id.*

**C. MOTION TO REMAND**

The Plaintiff's motion to remand (Dkt. 14) should be denied. Swift has pointed to sufficient evidence to support its assertion that the amount in controversy is over $5,000,000 and so this Court has CAFA jurisdiction. The Plaintiff maintains that Swift improperly removed this case because it did not provide evidence that supported its factual allegations with its Notice of Removal. As stated above, Swift had no such obligation in its Notice of Removal filing. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart* at 89.

In response to the Plaintiff's challenge, Swift now offers testimony from Rohwer, head of its payroll department, which sufficiently showed, for purposes of this motion, that Washington-resident drivers worked for approximately 42,000 aggregate weeks for the three years before the case was filed, worked at least 46 hours a week, and earned at least $20 per hour. Under

Washington law, overtime is compensated at one and one-half times the regular rate. RCW 49.46.130. Swift made the reasonable assumption that the compensation that is alleged by the Plaintiffs to be owed is at least $10 per hour more for every hour of overtime worked. Plaintiff and the class claim double damages. Dkt. 1-5 at 7-8. Accordingly, the Swift estimate, that before the case was even filed (April 21, 2020-April 21, 2023) the aggregate damages at issue were over $5,000,000, is not an unreasonable estimate: (42,000 (work weeks) x 6 (number of estimated overtime hours) x $10 (unpaid overtime per hour) x 2 (claimed double damages) = $5,040,000). Furthermore, the Plaintiff and the class claim continuing damages until resolution of the case. Dkt. 1-5. The case has been ongoing for six months and is not yet set for trial; the parties' joint status report is due November 13, 2023 (Dkt. 9).

Moreover, Plaintiff and the putative class also claim attorneys' fees pursuant to Washington law. Dkt. 1-5 at 8. "[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). A 25% recovery is the benchmark level for reasonable attorneys' fees in class action cases for purposes of determining the amount in controversy. *See Garibay v. Archstone Communities LLC*, 539 Fed. Appx. 763, 764 (9th Cir. 2013). If the Plaintiff and the class recover all $5,040,000 for the time before the Complaint was filed and more for the time after the Complaint was filed, the attorneys' fees could be more than $1,260,000 ($5,040,000 x 25% = $1,260,000).

Accordingly, the amount in controversy is at least $5,040,000 + $1,260,000 = $6,300,000. Swift has shown by a preponderance of the evidence that the jurisdictional minimum requirement is met.

The Plaintiff attacks Rohwer's declaration arguing that there is insufficient foundation for her testimony. Dkt. 18. This argument is unpersuasive. Rohwer states that her testimony is based on personal knowledge or knowledge based on corporate records and information which she obtained and reviewed. Dkt. 16 at 2. In particular, she indicates that she is familiar with Swift's payroll practices, the job duties of the drivers, their hours of work, and pay. *Id.* Rohwer also states that she reviewed the payroll records kept in the regular course of business in preparing the information provided in her declaration. *Id.* It is sufficiently reliable.

The Plaintiff asserts that Swift's estimate, that the class worked around six hours of overtime per week during the relevant period, improperly assumes a 100% claimed failure rate. This argument is unavailing. Swift points out that the six hour estimate was based on payroll records. Further, Swift is entitled to rely on "a chain of reasoning that includes assumptions." *Arias* at 925. "An assumption may be reasonable if it is founded on the allegations of the complaint." *Id.* The Complaint asserts that Swift has violated Washington's law mandating the payment of overtime. Dkt. 1-5. Swift does not dispute that it did not pay overtime on any of the hours its Washington-resident drivers worked over 40 hours. In its Answer, it contends, instead, that it is entitled to an exemption from the overtime requirement, known as the reasonable equivalent overtime exemption, found at RCW 49.46.130(f). Dkt. 3 at 9. Whether the exemption applies is an issue to be decided by motion or at trial. It does not raise an issue of whether the Court has CAFA jurisdiction.

"Where a removing defendant has shown potential recovery could exceed $5 million and the plaintiff has neither acknowledged nor sought to establish that the class recovery is potentially any less, the defendant has borne its burden to show the amount in controversy

exceeds $5 million." *Arias* at 927. Such is the case here. The Plaintiff's motion to remand (Dkt. 14) should be denied.

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 12th day of October, 2023.

ROBERT J. BRYAN
United States District Judge