1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

DAVID CARLSON, an individual, on behalf of himself and all others similarly situated,

               Plaintiff,

               v.

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC; and DOES 1 through 10, inclusive,

               Defendant.

**Case No.  3:23-cv-5722-RJB**

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

(Assigned for all purposes to the Hon. Robert J. Bryan )

- 1 -

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

# TABLE OF CONTENT

I.    INTRODUCTION ............................................................................................5

II.   ARGUMENT ................................................................................................5

   A.   COMMON ISSUES EXIST AS TO WHETHER PLAINTIFF AND CLASS
   MEMBERS ARE WASHINGTON-BASED DRIVERS .............................................5

      1.   The Contacts Factors Under Restatement Section 145 Favor
      Washington Law .........................................................................................6

      2.   Washington's Policies And Interests Under Restatement Support The
      Finding That Plaintiff And Class Members Are Washington-Based Drivers....................7

   B.   COMMON ISSUES PREDOMINATE AS TO WHETHER DEFENDANT'S
   POLICIES VIOLATE WASHINGTON OVERTIME LAW.......................................9

   C.   DEFENDANT PROVIDES NO BASIS FOR OPPOSING CLASS CERTIFICATION
   BASED ON TIME ACTUALLY RECORDED BY CLASS MEMBERS AS ON DUTY. ..........................11

   D.   COMMON ISSUES PREDOMINATE AS TO WHETHER ALL TIME ON OVER-
   THE-ROAD TRIPS ARE COMPENSABLE. .......................................................11

      1.   Swift Incorrectly Interprets The WAC § 296-126-002(8) Definition Of
      "Hours Worked" ........................................................................................11

      2.   29 C.F.R § 785.22 Also Supports Class Certification ...............................14

III.  CONCLUSION...........................................................................................16

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

# TABLE OF AUTHORITIES

**Cases**

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455 (2013) ...........................................9

*Anderson v. State, Department of Social and Health Services*, 115 Wash.App. 452 (2003) ........................................................................................13

*Ayala v. U.S. Xpress Enterprises, Inc.*, 2016 WL 7584910 (C.D. Cal. 2016) ....................................................................................................................8

*Banks v. Walker*, 2011 WL 149846 (E.D. Cal. 2011) ...................................................15

*Blackie v. Barrack,* 524 F.2d 891 (9th Cir. 1975) ..........................................................10

*Bouissey v. Swift Transportation Co., Inc.*, 2023 WL 3400620 (C.D. Cal. 2023) .......................................................................................................13

*Brown v. P.A.M. Transport, Inc.*, 2018 WL 5118449 (W.D. Ark 2018) ...........................................................................................................................14

*Drinkwitz v. Alliant Techsystems, Inc.*, 140 Wash.2d 291 (Wash. 2000) .................................................................................................................................7

*Experience Hendrix LLC v. James Marshall Hendrix Found.*, 240 F. App'x 739 (9th Cir. 2007) ..........................................................................................5

*FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 331 P.3d 29 (Wash. 2014) ...........................................................................................6

*Hart v. Massanari*, 266 F.3d 1155 (9th Cir. 2001) .......................................................15

*Helde v. Knight Transp. Inc.*, 2013 WL 5588311 (W.D. Wash. Oct. 9, 2013) .....................................................................................................................10

*Helde v. Knight Transp., Inc.,* 982 F.Supp.2d 1189 (W.D. Wash. 2013) ..........................................................................................................................10

*Johnson v. Spider Staging Corp.*, 555 P.2d 997 (Wash. 1976) ......................................6

*Kerr v. Sturtz Finishes, Inc.*, 2010 WL 3211946 (W.D.Wash. 2010) ..........................14

*Nance v. May Trucking Company*, 685 F.App'x 602 (9th Cir. 2017) ...........................15

*Pavloff v. Cardinal Logistics Mgmt. Corp.*, 2020 WL 6821072 (C.D. Cal. 2020) ...........................................................................................................13

*Sampson v. Knight*, 2018 WL 2984825 (W.D. Wash. June 14, 2018) ............................6

*Seizer v. Sessions*, 940 P.2d 261 (Wash. 1997) ............................................................5

*Slack v. Swift Transp. Co. of Arizona, LLC,* 2013 WL 6095548 (W.D. Wash. 2013) .............................................................................................8

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

*Southwell v. Widing Transp., Inc.*, 101 Wash.2d 200 (Wash. 1984) ................................................7

*Stearns v. Ticketmaster Corp.*, 655 F.3d 1013 (9th Cir. 2011)......................................................10

*Stevens v. Brink's Home Security, Inc.*, 162 Wash.2d 42 (2007) ...................................................13

*Thornell v. Seattle Serv. Bureau, Inc.*, No. C14-1601-MJP, slip op.
(W.D. Wash. June 13, 2016)................................................................................................................6

*Woodward v. Taylor*, 366 P.3d 432 (Wash. 2016)............................................................................6

*Young v. Farrellgas LP*,  106 Wash.App. 524 (2001) .......................................................................7

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

As set forth in plaintiff David Carlson's ("Plaintiff") moving papers, the wage and hour overtime class claim at issue in this case on behalf of a class of Washington long-haul drivers raise predominantly common issues, appropriate for class certification. Defendant Swift Transportation Co. of Arizona, LLC's ("Defendant") argument that this class of Washington drivers are not Washington based employees lacks merit. Washington law applies to this class of drivers who were hired as Washington residents, and drive throughout the country. This class action is based on Defendant's common policies, applicable to all class members, and certification is warranted. Accordingly, for the reasons set forth herein, Plaintiff respectfully requests that the Court grant this motion, and certify this matter as a class action.

## II.    ARGUMENT

### A. Common Issues Exist As To Whether Plaintiff And Class Members Are Washington-Based Drivers

Under the Washington choice-of-law rule, Plaintiff and class members are Washington-based drivers and fall under Washington's Minimum Wage Act ("MWA").

In a federal diversity action, where a potential conflict exists between applicable state laws, Washington's choice of law rules direct courts to determine which state has the "most significant relationship" to a given issue, based on the factors outlined in Restatement (Second) of Conflict of Laws § 6 (1971) (hereinafter "Restatement"). See *Seizer v. Sessions*, 940 P.2d 261, 265 (Wash. 1997); *Experience Hendrix LLC v. James Marshall Hendrix Found.*, 240 F. App'x 739, 740 (9th Cir. 2007).

Restatement section 6(1) provides that "[a] court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law." If no adequate directives exist in statutes or case law, the Court conducts a two-step

analysis to determine which jurisdiction has the most significant relationship to the action. See *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc*., 331 P.3d 29, 36 (Wash. 2014); *Thornell v. Seattle Serv. Bureau, Inc*., No. C14-1601-MJP, slip op. at 3 (W.D. Wash. June 13, 2016). First, "the court evaluates the contacts each interested jurisdiction has with the parties and the occurrence under the factors of Restatement section 145 plus any more specific section of the Restatement that is relevant to the cause of action." *Woodward v. Taylor*, 366 P.3d 432, 436 (Wash. 2016). Courts then evaluate "the interests and policies of the potentially concerned jurisdictions by applying the factors set forth in Restatement section 6." *Id*. These factors are common amongst all class members, and fall in favor of the use of the MWA.

### 1. The Contacts Factors Under Restatement Section 145 Favor Washington Law

When determining which state has the most significant relationship to the parties and occurrence at issue, courts consider the following contacts: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. Restatement § 145(2). "These contacts are to be evaluated according to their relative importance with respect to the particular issue." *Id*. Courts do not merely "count contacts" but must "consider which contacts are most significant and [] determine where these contacts are found." *Johnson v. Spider Staging Corp*., 555 P.2d 997, 1000 (Wash. 1976).

The place where the injury occurred and the place where the conduct causing the injury occurred are both minimally important to determining the application of a specific states' law. *Sampson v. Knight*, 2018 WL 2984825, *4-5 (W.D. Wash. June 14, 2018). The domicile, residence, or place of incorporation of the parties is moderately important, and militates toward the application of Washington law.

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff and class members were Washington residents when they worked for Swift. By contrast, Swift's contacts regarding this factor are split across multiple states. While Swift operate terminals out of Washington and Idaho, it is incorporated and perform various administrative functions out of Arizona. See Dckt. 31-6, ¶¶2, 4. Finally, Plaintiff and class members are Washington residents, and Washington requires out-of-state companies, such as Swift, to pay workers compensation for Washington residents. *Sampson*, 2018 WL 2984825, *6; *see also* Haffner Decl. [Dckt. 30-1], Exh. 3, SWIFT_CARLSON_000424. As a result, the relationship between the parties was centered in Washington.

### 2. Washington's Policies And Interests Under Restatement Support The Finding That Plaintiff And Class Members Are Washington-Based Drivers

The second step in the most significant factor test is to "evaluate the interests and public policies of the [relevant] jurisdictions." *FutureSelect Portfolio Mgmt.*, Inc., 331 P.3d at 27. "The extent of the interest of each potentially interested state should be determined on the basis, among other things, of the purpose sought to be achieved by their relevant local law rules and the particular issue involved." *Southwell v. Widing Transp., Inc.*, 101 Wash.2d 200, 676 P.2d 477, 480 (Wash. 1984) (citation omitted).

Washington has a clear interest in providing Plaintiff and class members with the protections of its wage and hour laws. Courts have consistently recognized Washington's "long and proud history of being a pioneer in the protection of employee rights." *Drinkwitz v. Alliant Techsystems, Inc.*, 140 Wash.2d 291, 996 P.2d 582, 586 (Wash. 2000). Washington's overtime law reflects its strong public policy to compensate employees. *See e.g.*, *Young v. Farrellgas LP*, 106 Wash.App. 524, 531-532 (2001) ("claim for violating WSMWA's overtime provisions is based on broad public policy principles"). The Washington Supreme Court has also interpreted the MWA broadly to apply the statute to Washington employees. See *Bostain*, 153 P.3d at 852 (upholding the constitutionality of applying the MWA to

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

"employers who are doing business in Washington and who have hired Washington-based employees.") Unlike most states, Washington requires out-of-state companies, such as Swift, to pay workers compensation for Washington residents. *Sampson*, 2018 WL 2984825, *6; see also Haffner Decl. [Dckt. 30-1], Exh. 3, SWIFT_CARLSON_000424. Washington has a strong and overriding interest in regulating overtime pay for Washington residents.

In opposition to Plaintiff's Motion for Class Certification, Swift cites to *Ayala v. U.S. Xpress Enterprises, Inc.*, 2016 WL 7584910 (C.D. Cal. 2016) and *Slack v. Swift Transp. Co. of Arizona, LLC,* 2013 WL 6095548 (W.D. Wash. 2013). Neither of these cases apply here.

*Ayala, supra*, 2016 WL 7584910 is a Central District of California class action which specifically applied California's choice of law rules. *Id*. at *4. As a result, the analysis under California's choice of law rule in *Ayala* court does not apply to this Washington case. However, even assuming the *Ayala* decision has any bearing here, the case is not analogous. In *Ayala*, approximately 89% of the proposed class members were not citizens of California. *Id*. at *4. As a result, the *Ayala* court determined that the putative class members did not have sufficient contacts with California such that the application of California law was appropriate. *Id*. This is not the case here, where Plaintiff and class members are ***all*** Washington residents.

*Slack*, *supra*, 2013 WL 6095548 similarly does not apply here. In *Slack,* the proposed class of over the road drivers was not limited to Washington residents. Rather, under the plaintiffs "'terminal-based' approach" to certification, the class included "all drivers" assigned to a position or terminal in Washington, regardless of whether they were Washington residents, and this definition swept in non-Washington residents. *Id.* at *3. *Slack* specifically declined to certify based on the declaration of a non-Washington resident, Nathaniel Thomas, who declared, among other things, that he was a California resident, and had no connection to Washington. *Id*.

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Washington has the most significant relationship to Plaintiff's class claims. Plaintiff and class members are Washington-based drivers such that the MWA applies. Moreover, the question of whether MWA applies to Plaintiff and class members, who are all Washington residents, is a common issue of law that predominates, and class certification is proper.

### B. Common Issues Predominate As To Whether Defendant's Policies Violate Washington Overtime Law.

The question of whether Swift pays overtime compensation in accordance with Washington law is a common question that can be resolved once for the entire Class. Indeed, it is undisputed that Swift's compensation policies are uniform for all drivers. Haffner Decl. [Dckt. 30-1], Exh. 2, 48:1-5. Swift admits that when drivers worked overtime hours, they did not receive any extra pay above their trip pay. Haffner Decl. [Dckt. 30-1], Exh. 2, 38:11-15.

First, "whether paid under the time-and-a-half provisions of RCW 49.46.130(1) or by 'reasonably equivalent' compensation, the statute mandates that ***truck drivers must obtain extra compensation for hours worked over 40 hours per week***." *Bostain*, 159 Wash.2d at 710 [emphasis added]. Here, Swift, by its own admission, agrees that its drivers did not obtain extra compensation for hours worked over 40 hours per week. Therefore, Swift's pay policies are improper under the law, in a common manner.

Swift attempts to turn Plaintiff's Motion for Class Certification into a motion for summary judgment by citing several distinguishable cases in which summary judgment was granted as to overtime claims. However, "Rule 23 grants courts no license to engage in free-ranging merits inquires at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013). The merits can be considered only to the extent they are "relevant to determining whether the Rule 23 prerequisites to class certification are satisfied." *Id.* Indeed, the cases cited by Swift demonstrate that this action is ripe for class certification.

For example, in *Helde v. Knight Transp., Inc.,* 982 F.Supp.2d 1189 (W.D. Wash. 2013), the court was able to analyze Knight's overtime policy in connection with all potential class members. *Id*. at 1201-1202.[1] The court went on to explicitly state that it would not "determine whether those [overtime] claims could have or should have been litigated on a classwide basis." *Helde v. Knight Transp. Inc.*, 2013 WL 5588311, *6, n. 1 (W.D. Wash. Oct. 9, 2013). Therefore, there is no basis for Swift's reliance on *Helde* to oppose class certification.[2]

Swift finally argues that each driver's effective hourly rate fluctuates from week-to-week and differs from one another because they are paid on a piecework basis. However, this is irrelevant to liability for failing to pay overtime, which is based on either the Plaintiff and the class members recorded hours, or the time they were away from home on over-the-road trips.    The drivers' regular rate of compensation, for purposes of calculating the overtime rate, goes solely to damages. This type of damages issue does not defeat Plaintiff's motion for class certification. The Ninth Circuit has concluded that "[t]he amount of damages is invariably an individual question and does not defeat class action treatment." *Blackie v. Barrack,* 524 F.2d 891, 905 (9th Cir. 1975); see also *Stearns v. Ticketmaster Corp*., 655 F.3d 1013, 1026 (9th Cir. 2011) (holding that "differences in damage calculations [are] not sufficient to defeat class certification"). This has been the law for nearly four decades.

Common issues exist as to whether Swift's policies violate Washington's overtime law.

---

[1] However, the *Helde* court never considered the ruling in *Bostain*, 159 Wash.2d 700, which states that the Washington overtime statute mandates that truck drivers must obtain extra compensation for hours worked over 40 hours per week.  *Id*. at 710.

[2] Swift also cites to *Sampson v. Knight Transportation, Inc*. 2022 WL 4598488 (Sept. 30, 2022). However, the court in *Sampson* had certified the class, which demonstrates that the overtime issue should be certified here. *Id*. at *1.

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**C. Defendant Provides No Basis For Opposing Class Certification Based On Time Actually Recorded By Class Members As On Duty.**

In Plaintiff's motion for class certification, Plaintiff demonstrated that Plaintiff and class members, in compliance with Defendant's policies, record their hours on duty each week. Dckt. 30, pgs. 10-11. Plaintiff also demonstrated that he and class members regularly record hours worked exceeding 40 hours per week, for which they are not paid overtime. Dckt. 30, pg. 13. Plaintiff explained that one of Plaintiff's two alternative theories for his overtime claim, was failing to pay any extra compensation for overtime hours actually recorded in Defendant's records. Dckt. 30, pg. 8.

In response, Defendant offers no persuasive reason why this theory should not be certified. Plaintiff's overtime claim based on hours actually recorded in excess of 40 hours a week is ideal for certification.

**D. Common Issues Predominate As To Whether All Time On Over-The-Road Trips Are Compensable.**

Common issues also predominate as to Plaintiff's second theory for overtime, that all hours drivers are on over the road trips, away from home, are compensable.

**1. Swift Incorrectly Interprets The WAC § 296-126-002(8) Definition Of "Hours Worked"**

Washington Administrative Code ("WAC") section 296-126-002(a) defines "hours worked" as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place."

Indeed, the Washington Department of Labor and Industries submitted an Administrative Policy detailing what constitutes "hours worked" under WAC 296-126-002(8). Request for Judicial Notice ("RJN"). "'Hours worked' means all work requested, suffered, permitted, or allowed while on duty on the employer's premises or at a prescribed workplace, and includes travel time, training and meeting time, wait time, on-call time, preparatory and concluding time, and may include meal

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

periods." RJN, pg. 2. "Hours worked" includes "[t]ime spent driving a company-provided vehicle." RJN, pg. 3.

Moreover, although Swift's opposition does not define what constitutes "on duty" time, the Washington Department of Labor and Industries lists factors to consider in determining if an employee is "on duty." RJN, pg. 3-4. The Department of Labor considers the following:

> 1. The extent to which the employee is free to make personal stops and engage in personal activities during the drive time between home and the first or last job site of the day, or whether the vehicle may only be used for company business.
>
> 2. The extent to which the employee is required to respond to work-related calls or to be redirected while en route.
>
> 3. Whether the employee is required to maintain contact with the employer.
>
> 4. The extent to which the employee receives assignments at home and must spend time writing down the assignments and mapping the route to reach the first job site before beginning the drive.

RJN, pg. 4.

This test to determine whether Swift's drivers were "on duty" while over the road is a common issue for all drivers, and weighs in favor of class certification.

Furthermore, out-of-town travel constitutes "hours worked" when the "out-of-town travel takes place for the employer's benefit and is requested to meet the needs of a particular assignment. Such travel time is an integral part of the principal activity that the employee was hired to perform (i.e. it is an integral component of the work assignment or job task)." RJN, pg. 5.  Because the travel itself is a duty of the work assignment, so long as the employer approves the means of travel, the employee is authorized to be on duty at a prescribed workplace throughout the active

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

travel time and therefore the time meets all three elements of the hours worked rule. *Id.*[3]

Case law reenforces the common issues related to determining whether all over the road hours, while away from home, are compensable under Washington law.  The Washington Supreme Court has held that drivers are on duty for purposes of compensation during commutes in a company truck, where "company policy strictly controls [the employee's] use of the [employer's] trucks, specifically mandating that they use the trucks 'for company business only,'" and prohibiting employees from using the truck for personal purposes, like 'shopping.'" *Stevens v. Brink's Home Security, Inc.*, 162 Wash.2d 42, 48 (2007).  Here, Defendant's policy was that drivers could not use their vehicle for personal use, while on a delivery trip using in Swift's trucks.  Haffner Decl. [Dckt. 30-1], Exh. 1, 35:3-9, 42:2-27, 43:15-44:3; Carlson Decl. [Dckt. 30-2], ¶3. It is a common issue whether Defendant's control of drivers, including its policy not allow personal use of trucks, while they were away from home on trips is compensable.

Swift's reliance on *Pavloff v. Cardinal Logistics Mgmt. Corp.*, 2020 WL 6821072 (C.D. Cal. 2020) is unfounded. *Pavloff* is a California District Court interpreting a California statute, and therefore has no bearing here. *Id*. at *6.  The California regulation at issue in *Pavloff* [Cal. Code Regs. Tit. 8, § 11090, subd. 2(G)] does not include in the definition of "hours worked" the time when the employee is "on duty." See *Id*.  Swift also cites to two other cases – *Anderson v. State, Department of Social and Health Services*, 115 Wash.App. 452 (2003) and *Bouissey v. Swift Transportation Co., Inc.*, 2023 WL 3400620 (C.D. Cal. 2023). Neither of which apply here. *Anderson* involved DSHS employees who commuted via ferry to work at McNeil Island [*Anderson*, 115 Wash.App., at 453], while

---

[3] "For out-of-town travel, Washington law is more favorable than federal law." RJN pg. 5.

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

*Bouissey* is another California court interpreting California law [*Bouissy*, 2023 WL 3400620, *9.].

Therefore, common issues predominate regarding whether Plaintiff and class members' time on over-the-road trips constitutes "hours worked" and are compensable.

### 2. 29 C.F.R § 785.22 Also Supports Class Certification

Swift's opposition to Plaintiff's motion for class certification argues that 29 C.F.R. § 785.22 does not support class certification because the drivers would have to be required to be on-duty, which Swift claims they are not. However, the issue of whether Plaintiff and class members were on duty while on trips away from home for over 24 hours is common to all class members, and actually supports class certification.

"When interpreting the MWA, Washington courts look to FLSA and federal regulations implementing it." *Kerr v. Sturtz Finishes, Inc.*, 2010 WL 3211946, *4 (W.D.Wash. 2010). Under 29 C.F.R §785.22(a), "when an employee is required to be on duty for 24 hours, his employer must pay him for at least 16 of those hours, even if he has spent more than 8 hours sleeping and eating during that 24-hour period." *Brown v. P.A.M. Transport, Inc.*, 2018 WL 5118449, *2 (W.D. Ark 2018). "[T]ruck drivers, just like all other employees, are subject to § 785.22 when they are on duty for 24 hours or more."

The facts that will demonstrate that Plaintiff and class members were on-duty while working away from home are predominantly common to all class members, and Swift does not dispute this. Drivers are responsible for the truck and cargo while on an over the road trip. Carlson Decl. [Dckt. 30-2], ¶4. Drivers cannot use the trucks for personal use. Haffner Decl. [Dckt. 30-1], Exh. 1, 35:3-9, 42:2-27, 43:15-44:3; Carlson Decl. [Dckt. 30-2], ¶3. When a driver is away from home on an over the road trip for Defendant, he or she cannot spend time with his family. Haffner Decl. [Dckt. 30-1], Exh. 1 (PMK Tillman depo.), 33:16-34:6; Carlson Decl. [Dckt.

14

30-2], ¶5. Drivers cannot run personal errands around their hometown. Carlson Decl. [Dckt. 30-2], ¶6. Defendant's drivers on an over the road trip are required to comply with defendant's delivery schedule. Haffner Decl. [Dckt. 30-1], Exh. 1, 45:4-10. Common issues predominate as to whether drivers were on duty while on trips away from home for over 24 hours, and class certification is proper.

Swift's citation to *Nance v. May Trucking Company*, 685 F.App'x 602 (9th Cir. 2017), in support of its argument regarding Plaintiff's section 785.22 claim, also lacks merit. *Nance* did not address section 785.22, did not identify the amount of sleeping time at issue, and is inapposite. Indeed, in *Julian*, the court rejected application of *Nance* in upholding an FLSA claim for drivers based on 785.22. *Julian,* 360 F.Supp.3d at n.18 (stating the *Nance* "decision does not identify the amount of sleeping time that was at issue ... provided no explanation whether § 785.22 and § 785.41 needed to be reconciled ... [and is an] unpublished opinion[] [which] are of very little use and ... does not dictate an outcome here"). Moreover, *Nance* was not selected for publication. Under the Circuit Rules, *Nance* has no precedential value. CTA9 Rule 36-3(a). Unpublished decisions like Nance provide only bare summaries of the facts and law. CTA9 Gen Ord 4.3.a. "It's therefore difficult for anyone other than the parties and the court to know exactly what was decided and why." *Banks v. Walker*, 2011 WL 149846, at *1 (E.D. Cal. 2011) (citing *Hart v. Massanari*, 266 F.3d 1155, 1178 (9th Cir. 2001)). Unpublished decisions are "not written in a way that will be fully intelligible to those unfamiliar with the case... Without comprehensive factual accounts and precisely crafted holdings to guide them, zealous counsel [may] be tempted to seize upon superficial similarities between their clients' cases and unpublished dispositions." *Hart*, 266 F.3d at 1178.

///

///

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

1

## III.    CONCLUSION

2

Accordingly, for the reasons set forth in Plaintiff's moving papers, and this

3

reply, Plaintiff respectfully requests that the Court grant this motion, and certify this

4

matter as a Rule 23 class action.

5

6

DATED:  November 8, 2024            **HAFFNER LAW PC**

7

8

By:    /s/ Trevor Weinberg

9

Joshua H. Haffner, WSBA #53292
Trevor Weinberg, *Admitted Pro Hoc Vice*

10

15260 Ventura Blvd., Suite 1520
Sherman Oaks, California 91403

11

Telephone: (213) 514-5681
Facsimile: (213) 514-5682

12

Email:  jhh@haffnerlawyers.com
            tw@haffnerlawyers.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**