UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID CARLSON, an individual, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br>    v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC; and DOES 1 through 10, inclusive,<br><br>                Defendants. | CASE NO. 3:23-cv-05722-RJB<br><br>ORDER GRANTING MOTION FOR CLASS CERTIFICATION |

      This matter comes before the Court on the Plaintiff David Carlson's Motion for Class Certification (Dkt. 30) and Request for Judicial Notice (Dkt. 33). The Court has considered the pleadings filed regarding the motion and request for judicial notice and the remaining record. Oral argument was not requested.

      Plaintiff Carlson, a Washington resident long haul truck driver, brings this case against his employer, Defendant Swift Transportation Co. of Arizona, LLC ("Swift"), for violation of Washington state Minimum Wage Act ("MWA") overtime provision, RCW § 49.46.130(1).

ORDER GRANTING MOTION FOR CLASS CERTIFICATION - 1

Dkt. 1-5 at 7. Under RCW § 49.46.130(1), unless an exception applies, employers must pay employees at least one and one half their regular rate of pay for a workweek longer than forty hours. The Plaintiff seeks damages, declaratory relief, attorneys' fees, costs, and class certification. *Id.*

Swift asserts, as an affirmative defense, that its employee drivers are exempt under RCW § 49.46.130(2)(f) because they are paid the "reasonable equivalent" of overtime. Dkt. 3. RCW § 49.46.130(2)(f) provides that RCW § 49.46.130(1)'s overtime pay requirements do not apply to:

> (f) An individual employed as a truck or bus driver who is subject to the provisions of the Federal Motor Carrier Act (49 U.S.C. Sec. 3101 et seq. and 49 U.S.C. Sec. 10101 et seq.), if the compensation system under which the truck or bus driver is paid includes overtime pay, reasonably equivalent to that required by this subsection, for working longer than forty hours per week . . .

Plaintiff Carlson now moves for certification of a class of Washington residents who drive for Swift. Dkt. 30. He also makes a request for judicial notice. Dkt. 33. The request for judicial notice should be considered first.

## MOTION FOR JUDICIAL NOTICE

Plaintiff's request for judicial notice (Dkt. 33) should be denied without prejudice. Plaintiff Carlson asks the Court to take judicial notice of a Washington Department of Labor and Industries policy related to the definition of hours worked under Washington law. Dkt. 33. This request goes to the merits of Plaintiff Carlson's claim and is unnecessary to decide the question of whether a class should be certified. No further analysis need be done on the request at this time.

## MOTION TO CERTIFY

Plaintiff Carlson moves to certify the class defined as:

ORDER GRANTING MOTION FOR CLASS CERTIFICATION - 2

1    All current or former Washington residents who worked for Defendant as drivers
paid on a per mile basis at any time beginning three (3) years prior to the filing of
2    the Complaint through the date notice is mailed to the Class.

Dkt. 30. He also moves to be appointed class representative and for Joshua H. Haffner and Trevor Weinberg of Haffner Law PC to be appointed as class counsel. *Id.* For the reasons provided below, Plaintiff Carlson's Motion for Class Certification (Dkt. 30) should be granted.

I.    **DISCUSSION**

**A.    APPLICABILITY OF WASHINGTON'S MWA**

As a threshold matter, whether Washington's MWA should be applied to the Plaintiff and putative class members, using classwide evidence, should be determined. Although Swift contends that this decision cannot be made because it is driven by individualized inquiries, as provided immediately below, a determination can be made, from classwide evidence, considering the relevant factors under Washington law.

As a federal court sitting in diversity, this court "must apply the forum state's choice of law rules to determine the controlling substantive law." *Casun Invest, A.G. v. Ponder*, 119 F.4th 637, 645 (9th Cir. 2024). Washington uses a two part test to determine conflict of law issues. *Woodward v. Taylor*, 184 Wn.2d 911, 917 (2016).

First, an actual conflict between Washington law and the law of another state must exist. *McLaughlin v. Travelers Commercial Ins. Co.*, 196 Wn.2d 631, 636 (2020). The parties do not dispute that an actual conflict exists. Dkts. 30, 31 and 32. Second, if an actual conflict exists, Washington conflict of law rules require application of the "most significant relationship rule for contracts and tort choice-of-law problems." *Johnson v. Spider Staging Corp.,* 87 Wash.2d 577, 580 (1976). Washington has adopted the "most significant relationship" test found in the Restatement (Second) of Conflict of Laws ("Restatement") § 6 and may use a more specific

ORDER GRANTING MOTION FOR CLASS CERTIFICATION - 3

provision of the Restatement, if any applies, for the situation with which they are confronted. *Woodward* at 917.

This question, whether the MWA applies to a putative class of Washington resident long haul truck drivers, was considered by a court in this district in *Sampson v. Knight Transportation Inc.,* 2018 WL 2984825 (W.D. Wash. 2018). The court in *Sampson* concluded that the MWA applied using classwide evidence. The *Sampson* court examined the question using both Restatement § 145 and § 6, in that order. While this decision is unpublished, its approach is persuasive. Using the *Sampson* case's approach, a decision on whether the MWA applies to the Plaintiff's and putative class's claims can be made using classwide evidence. *Sampson* at 7.

### B. CLASS CERTIFICATION STANDARD

"A member of a class may sue as a representative party if the member satisfies Federal Rule of Civil Procedure 23(a)'s four prerequisites: numerosity, commonality, typicality, and adequacy of representation." *Johnson v. City of Grants Pass*, 50 F.4th 787, 802 (9th Cir. 2022). If Rule 23(a) requirements are met, a putative class representative must then show that the class falls into one of the categories under Rule 23(b). *Id.*

Plaintiff Carlson seeks class certification under Rule 23(a) and 23(b)(3). Dkt. 30. Swift argues that Plaintiff Carlson fails to meet the Rule 23(a)(2) commonality and Rule 23(b)(3) predominance and superiority requirements. Dkt. 31. Analysis of each of the Rule 23(a) and Rule 23(b)(3) requirements follows.

### C. RULE 23(a) REQUIREMENTS

1. Numerosity – Rule 23(a)(1)

The requirement of numerosity is met if "the class is so large that joinder of all members is impracticable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The

ORDER GRANTING MOTION FOR CLASS CERTIFICATION - 4

1   numerosity requirement is not tied to any fixed numerical threshold, but courts generally find the
2   numerosity requirement satisfied when a class includes at least forty members. *Rannis v.*
3   *Recchia*, 380 F. App. 646, 650–51 (9th Cir. 2010).
4         Plaintiff Carlson has pointed out that there are, or have been, over 900 drivers Swift paid
5   mileage-based pay who had, or have, a residential address in Washington within the class period.
6   Dkt. 30-1 at 74-75. He has adequately shown that the class is sufficiently large that "joinder of
7   all members is impracticable." *Hanlon* at 1019. Rule 23(a)(1)'s numerosity requirement is
8   satisfied.

9         2.  <u>Commonality – Rule 23(a)(2)</u>

10         Rule 23(a)(2) mandates that there be "questions of law or fact common to the class."
11   "[T]he word 'question' in Rule 23(a)(2) is a misnomer." *Johnson* at 804. "What matters to class
12   certification is not the raising of common questions—even in droves—but rather the capacity of
13   a classwide proceeding to generate common answers apt to drive the resolution of the litigation."
14   *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011). Class claims must depend on a
15   "common contention." *Id.* Further, that "common contention . . . must be of such a nature that it
16   is capable of classwide resolution which means that determination of its truth or falsity will
17   resolve an issue that is central to the validity of [class claims] in one stroke." *Id*.
18         Whether Swift's compensation policies violate the MWA overtime provisions for
19   Washington resident drivers, raises common questions that would generate common answers for
20   the entire class based on classwide evidence. Classwide evidence includes, but is not limited to,
21   (a) Swift's compensation polices, which apply the same way to all Washington resident drivers
22   (Dkt. 30-1 at 57), (b) Swift's records, which can be used to identify Washington residents (Dkt.
23   30-1 at 57) and the drivers' time records (Dkt. 30-1 at 15 and 28).
24

Swift argues that a determination of whether the "reasonable equivalent overtime" exemption in RCW § 49.46.130(2)(f) applies must be made driver by driver. Plaintiff Carlson has sufficiently shown that whether the exemption applies is not a driver by driver issue. He has shown that Swift's compensation system applies to all class members and that this compensation system arguably does not compensate for all hours. Swift also attacks the merits of the Plaintiff's theory that Swift is not properly paying drivers overtime. Dkt. 31. A merits decision is not necessary to decide whether to certify a class here and is premature at this juncture. *See Amgen Inc. v. Conn. Ret. Plans & Trust Funds,* 568 U.S. 455, 466 (2013).

A classwide proceeding would generate common answers to questions like whether Swift is properly compensating Washington resident drivers. Commonality is met. Rule 23(a)(2) is satisfied.

   3.  <u>Typicality – Rule 23(a)(3)</u>

Typicality requires that "the claims or defenses of the representative parties are typical" of the class. Rule 23(a)(3). Typicality "refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose, or the relief sought." *Johnson* at 805 (*internal quotation marks and citation omitted*). It is a "permissive standard." *Id*. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *A. B. v. Hawaii State Dep't of Educ.*, 30 F.4th 828, 839 (9th Cir. 2022).

Plaintiff Carlson's claims for violation of Washington's overtime pay statute is typical of the class. Putative class members assert the same injury, not being properly paid overtime,

caused by the same non-unique conduct, Swift's compensation policies. *A. B.* at 839. Rule 23(a)(3) is satisfied.

### 4. Adequacy – Rule 23(a)(4)

Rule 23(a)(4) mandates that "the representative parties will fairly and adequately protect the interests of the class." To decide whether named plaintiffs will adequately represent a class, two questions are considered: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011).

Plaintiff Carlson has shown that he would "fairly and adequately protect the interests of the class." Rule 23(a)(4). There is no showing that Plaintiff Carlson or class counsel has a conflict of interest with other class members. Swift does not contest the adequacy of Plaintiff's counsel. Plaintiff Carlson has agreed to vigorously prosecute this case on behalf of the class. Dkt. 30-2 at 3. Rule 23(a)(4) is met.

### D. RULE 23(b)(3) REQUIREMENTS

Rule 23(b)(3) provides:

> A class action may be maintained if Rule 23(a) is satisfied and if . . . the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

ORDER GRANTING MOTION FOR CLASS CERTIFICATION - 7

(D) the likely difficulties in managing a class action. Analysis of the predominance and superiority requirements follow.

1. Predominance

Plaintiff Carlson has shown that common questions of law or fact predominate over any questions affecting only individual members. Rule 23(b)(3). Classwide determinations, based on classwide evidence, can be made on: (a) whether Washington's MWA overtime law applies to the Plaintiff and putative class and (b) whether Swift's compensation policies violate the MWA's overtime provisions.

a. Application of the MWA

As explained more thoroughly above in Section I.A. "Applicability of Washington's MWA," determination of whether Washington law applies to Plaintiff Carlson and the putative class (all Washington state residents), can be made on a classwide basis with classwide evidence. The relevant factors for Washington's choice of law analysis do not require individualized considerations. Common questions predominate.

b. MWA Claim for Failure to Pay Overtime

Individual inquiries do not dominate determination of Plaintiff Carlson's claim under the MWA. The claims alleged do not require consideration of factors unique to each class member. To assert a claim under RCW § 49.46.130, Plaintiff Carlson and the putative class must show that they worked over 40 hours in a workweek and were not paid overtime under Swift's policies. As stated above in Section II.C.2, "Commonality," common classwide evidence would either prove or disprove those claims.

Further, whether the exemption in RCW § 49.46.130(2)(f) applies is also an inquiry capable of classwide resolution on common evidence. Common questions predominate over individual ones. The exemption RCW § 49.46.130(2)(f) provides:

> An individual employed as a truck or bus driver who is subject to the provisions of the Federal Motor Carrier Act (49 U.S.C. Sec. 3101 et seq. and 49 U.S.C. Sec. 10101 et seq.) [("FMCA")], if the compensation system under which the truck or bus driver is paid includes overtime pay, reasonably equivalent to that required by this subsection, for working longer than forty hours per week . . .

The parties do not dispute that Plaintiff Carlson and the putative class members are "truck . . . driver[s] subject to the provisions of the FMCA." Determining whether Swift's policy of paying by the mile is "reasonably equivalent" to overtime is susceptible to common evidence. To the extent that Swift asserts that the amount of pay owed is a highly individualized inquiry, that is not sufficient to defeat predominance. In the Ninth Circuit, "damage calculations alone cannot defeat certification." *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 513 (9th Cir. 2013). Plaintiff Carlson and the putative class's remedy is discernable if they prevail based on Swift's records.

Questions of law or fact common to class members, like whether the MWA applies and whether Swift's has failed to properly compensate Washington resident drivers, predominate over any questions affecting only individual members. The Rule 23(b)(3) predominance requirement is satisfied.

    2. <u>Superiority</u>

Plaintiff Carlson has demonstrated that a class action is superior to other available methods for adjudicating the controversy. The pay due, if any, appears relatively small, so the putative class members do not have a strong interest in controlling prosecution of the case. Rule 23(b)(3)(A). There is no evidence that other putative class members have already begun litigation on these issues. Rule 23(b)(3)(B). There are advantages of concentrating the litigation

in this forum. Rule 23(b)(3)(C). Managing a class with these claims is not more or less difficult than other class actions. Rule 23(b)(3)(D). Identification of putative class members and the amount of pay allegedly owed is determinable by review of Swift's records. A class action is superior to other methods for resolving this dispute. The Rule 23(b)(3) superiority requirement is met.

### E. CONCLUSION

Plaintiff Carlson's request for judicial notice (Dkt. 33) should be denied without prejudice. His motion for class certification (Dkt. 30) should be granted. The requirements of Rule 23 are satisfied. The class should be certified as proposed, Plaintiff Carlson should be appointed as class representative, and his lawyers appointed as class counsel.

The parties filed a Joint Status Report ("JSR") over a year ago, on November 13, 2023. Dkt. 24. As the parties requested in the original JSR, beyond a few initial dates, no deadlines have been set in this case.

Additional deadlines should be set. The parties should file an updated JSR, pursuant to Fed. R. Civ. P. 26(f), by December 30, 2024. They should add proposed dates for addressing class related issues. For example, Plaintiff Carlson's proposed order includes a request for the Court to order that the parties "meet and confer regarding class notice and use of a class administrator, and provide notice to the class through the class administrator by _____, 2024. The Class notice shall provide 45 days to opt out." Dkt. 30-3. These are the types of class related issues that should be addressed in the updated JSR.

ORDER GRANTING MOTION FOR CLASS CERTIFICATION - 10

II. **ORDER**

It is **ORDERED** that:

- Plaintiff's Request for Judicial Notice (Dkt. 33) **IS DENIED WITHOUT PREJUDICE**;
- Plaintiff's Motion for Class Certification (Dkt. 30) **IS GRANTED:**
    - The following class **IS CERTIFIED**: All current or former Washington residents who worked for Defendant as drivers paid on a per mile basis at any time beginning three (3) years prior to the filing of the Complaint through the date notice is mailed to the Class.
    - Plaintiff David Carlson **IS APPOINTED** class representative;
    - Joshua H. Haffner and Trevor Weinberg of Haffner Law PC **ARE APPOINTED** as class counsel.
- The parties' updated Joint Status Report **IS DUE** by **December 30, 2024**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 9th day of December, 2024.

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING MOTION FOR CLASS CERTIFICATION - 11